**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**HICKORY SPRINGS MANUFACTURING COMPANY** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 1:25-CV-23-GHD-DAS**

**BENJAMIN GALJOUR, *et al.*** **DEFENDANTS**

**ORDER COMPELING FORENSIC INSPECTION**

Before the court is Plaintiff's Motion to Compel [53], which has been fully briefed and is ripe for review. The court finds the motion should be granted for the reasons set forth below.

The record reflects substantial, unrebutted evidence that relevant electronically stored information—specifically, text and iMessage communications between Defendants Benjamin Galjour and Emily Munn—has been deleted or is otherwise missing during a critical time period in this litigation. Defendants do not meaningfully dispute that months of communications between Galjour and Munn, from approximately October 4, 2024, through February 13, 2025, are absent. This time period corresponds directly to events central to Plaintiff's claims and concludes on the date Defendants were first served with the complaint.

Defendants' explanation for the missing messages are internally inconsistent and unsupported by the evidence. Although Defendants suggest that automatic deletion settings or device damage may account for the gaps, those explanations are undermined by several undisputed facts:

1. both Galjour and Munn produced messages with other individuals from the same time period, including messages predating and postdating the missing window;

2. messages between Galjour and Munn exist before and after the relevant period, demonstrating that any purported automatic deletion function was neither global nor uniformly applied; and
3. Galjour produced message threads showing only his side of conversations with Munn, evidencing that the responding messages had been deleted.

Selective deletion of this nature is inconsistent with accidental loss, automatic deletion, or device failure. Further, even if Defendants had automatic deletion feature enabled, they were under an obligation to disable such functions once the duty to preserve arose.

On this record, the court finds sufficient evidence to warrant forensic inspection of Defendants' electronic devices. Given the inconsistencies in Defendants' productions, the unexplained gaps in communications, and the selective nature of the deletions, a forensic examination by a neutral expert is both proportional to the needs of the case and the least intrusive means available to determine whether relevant data can be recovered and to ass the scope and timing of any deletions.

It is therefore ordered that:

1. Within seven days of this order, Defendants Galjour and Munn shall produce for inspection all cellular telephones, computers, tablets, or other personal electronic devices used by then during the discoverable time period.
2. The inspection shall be conducted by an independent forensic examiner mutually agreed upon by the parties. If the parties cannot agree within five days, the court will appoint an examiner upon motion.
3. The examiner shall be authorized to create forensic images of the devices and to search for, recover, and analyze deleted or existing messages, metadata, backups

(including cloud backups), and other relevant electronically stored information, subject to appropriate protocols protecting privilege and confidentiality.

4. Devices shall be returned promptly after imaging.
5. Within seven days of entry of this order, Plaintiff's counsel shall submit a detailed bill of fees and costs incurred in prosecuting the motion to compel.
6. Defendants shall have seven days thereafter to show cause why they should not be ordered to pay Plaintiff's reasonable fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).
7. The court notes that this order does not resolve the separate issue of sanctions as raised in Docket 60, which is not yet ripe for review.

**SO ORDERED**, this the 16th day of January, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**