IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HICKORY SPRINGS MANUFACTURING COMPANY                    PLAINTIFF

V.                                          CIVIL ACTION NO.: 1:25-CV-23-GHD-DAS

BENJAMIN GALJOUR; et al.                                 DEFENDANTS

ORDER DENYING DEFENDANTS' OBJECTIONS TO AND
APPEAL OF MAGISTRATE JUDGE'S ORDER

Presently before the Court is the Defendants' objections [67] to and appeal of an Order

[61] entered by the Magistrate Judge in this matter. The subject order granted the Plaintiff's

motion to compel [53] discovery from the Defendants. The Plaintiff has filed a response to the

Defendants' objection [72]. The matter is now ripe for review. *See* L. U. Civ. R. 72(a)(1)(A).

Upon due consideration and for the following reasons, the Defendants' objections are overruled

and the Magistrate Judge's Order is affirmed.

## I.      *Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges

to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28

U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file

objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed.

R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly

erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014)

(quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive

orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly

erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any

matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.' " *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## II. Analysis and Discussion

The Defendants' objections are directed at the Magistrate Judge's ordering a forensic inspection of the Defendants' subject electronic devices given inconsistencies in the Defendants' discovery production in response to the Plaintiff's discovery requests related to communications stored on the devices. *See* Order Compelling Forensic Inspection [61], at p. 1 ("[t]he record reflects substantial, unrebutted evidence that relevant electronically stored information – specifically, text and iMessage communications between Defendants Benjamin Galjour and Emily Munn – has been deleted or is otherwise missing during a critical time period in this litigation.").

It is axiomatic that, if a party fails to adequately respond to discovery requests, the propounding party may file a motion to compel, provided that the movant certifies that he has, in good faith, conferred or attempted to confer with the party failing to respond. FED. R. CIV. P. 37(a)(1). Further, the Court notes, "[o]n discovery matters, magistrate judges are 'afforded great discretion.'" *Do No Harm v. Edwards*, No. 5:24-CV-00016, 2024 WL 4884426, at *1 (W.D.

La. Nov. 25, 2024); see also *Barnett v. Tree House Café, Inc.*, No. CIVA 5:05-CV-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006) (holding district courts generally "defer to the magistrate judge's discretion in refereeing discovery disputes."); *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. CIVA 3:08-CV-1486-D, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding "district judges do not sit as second-tier decisionmakers concerning discovery matters referred to the magistrate judge. And in matters of discretion – and discovery decisions are usually quintessential examples of the exercise of discretion - district judges do not substitute their own judgment for that of the magistrate judge.").

Taking these standards into account, the Court finds that the Magistrate Judge's Order [61], which granted the Plaintiff's motion to compel [53] after the parties briefed the discovery issue and the Magistrate Judge conducted a conference specifically related to the Plaintiff's motion, clearly and accurately sets forth the facts surrounding the parties' discovery dispute and why the Plaintiff prevailed on the motion to compel. The Magistrate Judge held that the evidence in the record is sufficient to warrant forensic inspection of the Defendants' subject devices given the Defendants' inconsistent discovery production, unexplained gaps in communications, and the selective nature of deleted communications [61]. The Court agrees with the Magistrate's findings and his rulings regarding an appropriate path forward in discovery in this matter.

Accordingly, the Court finds that the Magistrate's ruling is not clearly erroneous or contrary to law, and the Magistrate Judge's Order Granting the Plaintiff's Motion to Compel is therefore affirmed. See, e.g., *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-00226-SA-JAD, 2010 WL 3717600, at *1–2 (N.D. Miss. Sept. 14, 2010).

In sum, after careful consideration of the parties' arguments, the Magistrate Judge's Order, and all pertinent legal authorities, the Court finds that the Defendants' objections are without merit

3

and that the Magistrate Judge's Order is supportable by the record and is not clearly erroneous or contrary to law, and the Court therefore affirms that Order.

THEREFORE, it is hereby ORDERED that the Defendants' objection [67] and appeal is OVERRULED, and the Magistrate Judge's subject Order [61] is AFFIRMED in its entirety.

THIS, the 14th day of April, 2026.

_____
SENIOR U.S. DISTRICT JUDGE