**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**HICKORY SPRINGS MANUFACTURING COMPANY**                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 1:25-CV-23-GHD-DAS**

**BENJAMIN GALJOUR,** *et al.*                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Hickory Springs Manufacturing Company's Motion for

Spoliation Sanctions [60] pursuant to Federal Rule of Civil Procedure 37(e). Plaintiff seeks

sanctions arising from the deletion of text messages between Defendants Benjamin Galjour and

Emily Munn, including an adverse inference instruction, dismissal of certain counterclaims,

striking of affirmative defenses, and an award of attorney's fees and expenses. Having

considered the motion, response, reply, the record cited by the parties, and the applicable

authorities, the undersigned recommends that Plaintiff's motion should be granted in part and

denied in part.

BACKGROUND

The present dispute arises from missing text message communications exchanged

between Defendants Galjour and Munn during a period central to Plaintiff's claims. Plaintiff

alleges that the two Defendants coordinated efforts to leave Specialty Bedding and establish

competing business operations. According to Plaintiff, text messaging served as a primary means

of communication between Galjour and Munn during the relevant period.

The issue first arose during discovery when Plaintiff identified substantial gaps in the

production of communications between Galjour and Munn. Plaintiff observed that

communications between the two individuals were largely absent during a critical period from

approximately October 2024 through February 2025. Plaintiff further identified instances in which one side of a conversation had been produced while corresponding responsive messages from the other participant were missing.

Following extensive discovery disputes, Plaintiff moved to compel a forensic examination of Defendants' devices. The Court granted that request, finding that "[t]he record reflects substantial, unrebutted evidence that relevant electronically stored information . . . has been deleted or is otherwise missing." The Court further observed the existence of significant gaps in communications and evidence suggesting selective deletion of relevant messages. Defendants objected to the order compelling forensic examination. The Court overruled those objections in their entirety.

The forensic examination ultimately resulted in the recovery of certain communications that had not previously been produced. However, the parties sharply dispute the significance of that recovery. Defendants contend the forensic process demonstrates that no relevant information was permanently lost and that sanctions are therefore unwarranted. Plaintiff maintains that the recovered information confirms that responsive communications were deleted, that significant portions of the communications remain unrecovered, and that the deletions occurred while Defendants were under a duty to preserve evidence.

LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) governs sanctions arising from the loss of electronically stored information. The rule applies where ESI that should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it and the information cannot be restored or replaced through additional discovery. If those threshold requirements are satisfied, Rule 37(e)(1) authorizes the Court to order measures

no greater than necessary to cure prejudice resulting from the loss. FED. R. CIV. P. 37(e)(1). Where the Court finds that a party acted with the intent to deprive another party of the information's use in litigation, Rule 37(e)(2) authorizes more severe sanctions, including adverse inference instructions, dismissal, or default judgment. FED. R. CIV. P. 37(e)(2). Although direct evidence of intent is rarely available, courts routinely recognize that intent may be established through circumstantial evidence. *See Disedare v. Brumfield*, 2024 WL 1526699, at *11-12 (E.D. La. Apr. 9, 2024); *Lou v. Lopinto*, 2022 WL 16685539, at *7 (E.D. La. Nov. 2, 2022).

ANALYSIS

*A. Threshold Requirements of Rule 37(e)*

The undersigned first concludes that Plaintiff has established the threshold requirements necessary to invoke Rule 37(e). Most importantly, the record demonstrates that relevant electronically stored information was deleted. Defendants no longer seriously dispute that fact. Plaintiff cites deposition testimony in which Defendant Munn acknowledged that the messages at issue had been deleted, although she professed uncertainty regarding how the deletion occurred. Rather, Defendants principally argue sanctions are unavailable because certain deleted communications were subsequently recovered through a court-ordered forensic examination.

As numerous courts have recognized, the subsequent recovery of deleted information does not erase the fact that spoliation occurred. *See Malibu Media, LLC v. Tashiro*, 2015 WL 2371597, at *20-21 (S.D. Ind. May 18, 2015), adopted, 2015 WL 3649359 (S.D. Ind. June 11, 2015); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 482 n.16 (E.D. Va. 2011); Olney v. Job.com, Inc., 2014 WL 5430350, at *21 (E.D. Cal. Oct. 24, 2014).

More importantly, the record does not support Defendants' assertion that all relevant information was recovered. Plaintiff identifies communications existing before October 4, 2024, in which only Galjour's side of the conversation has been produced despite clear indications that responsive communications from Munn existed.[1] Defendants do not persuasively explain those deficiencies. The undersigned therefore finds that relevant ESI has been lost and has not been fully restored or replaced through additional discovery. *See Owens v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 695 F. Supp. 3d 750, 760 (M.D. La. 2023); Paisley Park Enters., Inc. v. Boxill, 330 F.R.D. 226, 235 (D. Minn. 2019).

The undersigned further finds that Defendants were under a duty to preserve the communications when at least some deletions occurred. Defendants previously represented that litigation was reasonably anticipated by January 29, 2025. Following the forensic exam, Defendants produced, *inter alia*, messages dated February 6, 2025. Accordingly, the Court concludes that the threshold requirements of Rule 37(e) have been satisfied.

*B. Intent to Deprive*

The principal dispute concerns whether Defendants acted with the intent to deprive Plaintiff of the information's use in litigation. Rule 37(e)(2) imposes a demanding standard. Nevertheless, intent may be established through circumstantial evidence, and courts possess substantial discretion in evaluating the surrounding circumstances. *Disedare*, 2024 WL 1526699,

---

[1] While Plaintiff argues certain "blank" entries in the forensic production are evidence of irretrievable ESI, Defendants have plausibly explained that those entries reflect image attachments excluded from production pursuant to the parties' agreed protocol rather than deleted or unrecoverable communications. This report and recommendation rests upon substantially different evidence, including the admitted deletion of communications, the selective nature of the missing communications, the recovery of previously unproduced messages after the court-ordered forensic examination, Defendants' inconsistent explanations concerning the deletions, and prior filings and decisions in this matter. Accordingly, while Defendants' Motion for Leave to File Sur-reply [110] is hereby granted, it does not affect the outcome of this report and recommendation.

at *11-12; *Lou*, 2022 WL 16685539, at *7. After carefully reviewing the record, the undersigned concludes that the circumstantial evidence supports a finding of intent to deprive.

First, the deletions appear selective. The missing communications involve the two individuals whose communications are among the most significant sources of evidence in this litigation. At the same time, contemporaneous communications involving other individuals remained available. The selective nature of the missing communications weighs heavily in favor of an inference of intentional conduct.

Second, the timing of the deletions is highly suspicious. The communications disappeared during a period immediately preceding the filing of this litigation and after Defendants had reason to anticipate legal action. While the precise date of deletion cannot be established, Rule 37(e) does not require direct proof of the exact moment a deletion occurred. The surrounding circumstances may support an inference of intent. *See Lou*, 2022 WL 16685539, at *7.

Third, Defendants have repeatedly failed to provide a credible explanation for the loss of the communications. Defendants previously suggested that automatic deletion settings might explain the missing messages. That explanation is difficult to reconcile with the continued existence of contemporaneous communications involving other individuals. Munn ultimately testified that she did not know how the messages disappeared and could not exclude the possibility that she herself deleted them. As one court observed, where there is no cogent explanation beyond "oops," the circumstances may support a finding of bad faith. In re Skanska USA Civ. Se. Inc., 340 F.R.D. 180, 189 (N.D. Fla. 2021).

Fourth, the procedural history of this dispute further supports Plaintiff's position. Plaintiff was required to seek judicial intervention, obtain an order compelling forensic examination, and

defend that order against Defendants' objections. The forensic exam ultimately recovered relevant, deleted communications. Considering the record as a whole, the undersigned finds that Defendants intentionally deleted relevant communications and did so with the intent to deprive Plaintiff of their use in this litigation. *See Univ. of Miss. Med. Ctr. v. Sullivan*, 2021 WL 4713242, at *4-6 (S.D. Miss. Oct. 8, 2021).

*C. Prejudice*

The undersigned further finds that Plaintiff has suffered prejudice. Even after the forensic examination, Plaintiff lacks a complete record of communications between two central witnesses during a critical period. Courts routinely find prejudice where a party is left with an incomplete record and cannot determine precisely what information was lost. *See Paisley Park*, 330 F.R.D. at 236; *Enable Miss. River Transmission, LLC v. Devon Energy Prod. Co.*, 2024 WL 5441184, at *4 (S.D. Tex. Feb. 28, 2024); *Owens*, 695 F. Supp. 3d at 760-61; *Coan v. Dunne*, 602 B.R. 429, 440 (D. Conn. 2019).

The undersigned agrees that the missing communications likely concerned matters directly relevant to Plaintiff's claims. The communications that were recovered demonstrate that Galjour and Munn routinely used text messages to discuss matters central to this litigation. It is therefore reasonable to infer that the missing communications contained relevant evidence as well. *See Trade Grp., Inc. v. BTC Media, LLC*, 2024 WL 3513475, at *3 (N.D. Tex. July 23, 2024). Plaintiff has also been deprived of the ability to use the missing communications for impeachment and cross-examination purposes. *Enable Miss. River Transmission*, 2024 WL 5441184, at *4.

*D. Appropriate Sanction*

If sanctions under Rule 37(e)(2) are warranted, the Court must nevertheless select a sanction proportionate to the misconduct established by the record. In the undersigned's opinion, Plaintiff's request to dismiss Defendants' counterclaims or strike Defendants' affirmative defenses is overly harsh. Such sanctions are among the most severe remedies available and should be reserved for extraordinary circumstances. An adverse inference instruction, however, seems appropriate.

The deleted communications concern the core factual issues in this case. Defendants intentionally destroyed relevant evidence after a duty to preserve had arisen and failed to provide a credible explanation for their conduct. An adverse inference instruction directly addresses the evidentiary imbalance created by that misconduct while remaining proportionate to the record before the Court. Accordingly, the undersigned recommends that the jury be instructed that it *may* infer that the deleted communications between Galjour and Munn would have been unfavorable to Defendants. The undersigned further recommends that Plaintiff be awarded its reasonable attorney's fees and expenses incurred in obtaining the forensic examination and litigating the spoliation issue.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Spoliation Sanctions be GRANTED IN PART and DENIED IN PART. Specifically, the undersigned recommends that:

1. the Court find that Defendants deleted ESI in violation of Rule 37(e);

2. the Court find that Defendants acted with the intent to deprive Plaintiff of the use of that information in this litigation;

3.  the Court issue an adverse inference instruction permitting the jury to infer that the deleted communications would have been unfavorable to Defendants;

4.  Plaintiff be awarded its reasonable attorney's fees and expenses associated with obtaining the forensic examination and litigating the spoliation issue; and

5.  Plaintiff's request for dismissal of counterclaims and striking of affirmative defenses be denied.

The parties are referred to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Local Uniform Civil Rule 72(a)(3) for the appropriate procedure in the event they desire to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 14 days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

  **SO RECOMMENDED**, this the 18th day of June, 2026.

  **/s/ David A. Sanders**  
  **UNITED STATES MAGISTRATE JUDGE**