**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**HICKORY SPRINGS MANUFACTURING COMPANY**                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 1:25-CV-23-GHD-DAS**

**BENJAMIN GALJOUR,** *et al.*                                        **DEFENDANTS**

## ORDER

Before the Court is Defendants' Motion to Compel Specialty Bedding, LLC's Compliance with Rule 45 Subpoena [93]. Specialty Bedding (a non-party) opposes the subpoena, arguing it is overly broad, seeks trade secrets, and was untimely filed. Without addressing the underlying merits, the Court finds that the motion should be denied as untimely.

The instant motion was filed on May 26, 2026—one week prior to the discovery deadline of June 2. Motions regarding subpoenas are discovery motions and are governed by the same rules as discovery motions. L.U. Civ. R. 45(e). "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(C). "All non-movants are afforded fourteen days to respond to any motion, and the movant has an additional seven days to file a reply or to let the Court know that he does not indent to reply." *United States ex rel. Jehl v. GGNSC Southaven LLC*, 2021 WL 2637278, at *1 (June 25, 2021). "[T]he Fifth Circuit has affirmed the district court's ability to deny motions to compel as untimely even where the motion may otherwise be meritorious." *Id.* at * 2 (citing *Grey v. Dallas Indep. Sch. Dist.*, 265 Fed. Appx. 342, 348 (5th Cir. 2008).

As to any claim by Defendants that they have diligently sought the information at issue or that it is vitally important, the district judge has soundly rejected their arguments. In their motion

to amend the scheduling order and continue the trial date [95], Defendants argued they needed more time for discovery due to serving the instant subpoenas so close to the discovery deadline. The district judge denied the request to continue the trial and extend discovery, noting that the discovery period had been extended three times and Defendants failed to show the deadline could not have been met despite due diligence. "Instead, it appears to the Court the Defendants simply failed to diligently engage in and pursue discovery in this matter prior to the expiration of already-extended discovery deadline." [Dkt. 108]. Defendant's Motion to Compel Specialty Bedding [93] is therefore **DENIED.**

Also before the Court is Defendants' Motion to Quash [97], which was likewise filed on May 26, 2026, and is therefore **DENIED** as untimely.

Also before the Court is Defendants' Motion to Compel Supplemental Discovery [104], which was filed on June 2, 2026, and is therefore **DENIED** as untimely. *See Melton Props. LLC v. Ill. Cent. R.R. Co.*, 2024 WL 3461058, at * 4 (July 18, 2024) (holding orders regarding supplemental discovery subject to L.U. Civ. R. 7(b)(2)(C)).

**SO ORDERED**, this the 23rd day of June, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**