IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HICKORY SPRINGS MANUFACTURING COMPANY                    PLAINTIFF

V.                                          CIVIL ACTION NO.: 1:25-CV-23-GHD-DAS

BENJAMIN GALJOUR; et al.                                    DEFENDANTS

ORDER DENYING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Presently before the Court are the Defendants' objections [133] to a Report and Recommendation [120] entered by the Magistrate Judge in this matter. The subject Report and Recommendation recommended the granting in part and denying in part of the Plaintiff's motion for spoilation sanctions [60] arising from the deletion of text messages between two of the Defendants. The Plaintiff has filed a response [139] to the Defendants' objection. The matter is now ripe for review. *See* L. U. Civ. R. 72(a)(1)(A). Upon due consideration and for the following reasons, the Defendants' objections are overruled and the Magistrate Judge's Report and Recommendation is approved and adopted as the Opinion and Order of the Court.

## I.      Standard of Review

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive

orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.' " *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## *II.     Analysis and Discussion*

The Defendants' objections, as well as the present Report and Recommendation, stem from the Magistrate Judge's ordering a forensic inspection of the Defendants' subject electronic devices given inconsistencies in the Defendants' discovery production in response to the Plaintiff's discovery requests related to communications stored on the devices. *See* Order Compelling Forensic Inspection [61], at p. 1 ("[t]he record reflects substantial, unrebutted evidence that relevant electronically stored information – specifically, text and iMessage communications between Defendants Benjamin Galjour and Emily Munn – has been deleted or is otherwise missing during a critical time period in this litigation.").

In conjunction with its motion regarding a forensic examination, the Plaintiff filed the subject motion for spoilation sanctions [60] pursuant to Federal Rule of Civil Procedure 37(e). As

the Magistrate Judge aptly notes, Rule 37(e) governs sanctions when electronically stored information ("ESI") that should have been preserved has been lost because a party failed to take reasonable steps to preserve it. Fed. R. Civ. P. 37(e). Rule 37(e) applies when ESI that should have been preserved is lost and cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). If those requirements are present, as the Magistrate Judge correctly found them present here, Rule 37(e) provides the potential remedies that are available.

Here, as noted above, the Court finds the Magistrate Judge correctly stated that Rule 37(e)'s threshold requirements are present: the record is clear that relevant ESI was deleted; indeed, the Defendants do not seriously dispute that fact. The Court further finds, despite the Defendants' objections, that all relevant deleted information has not been recovered and that the Defendants were under a duty to preserve the communications. See, e.g., *Owens v. Board of Supervisors of La. State Univ. & Argic. & Mech. Coll.*, 695 F. Supp. 3d 750, 760 (M.D. La. 2023).

The Court further finds the Magistrate Judge correctly stated that the weight of the evidence supports a finding the Defendants intended to deprive the Plaintiff of the use of the subject relevant information in this litigation. The subject deletions appear to be selective, the timing of the deletions of certain communications is suspicious, the Defendants have failed to provide the Court with a credible explanation for the loss of the subject communications, and the procedural history of this matter supports the Plaintiff's position. Thus, the Court agrees with the Magistrate Judge that the Defendants intentionally deleted relevant communications and did so with the intent to deprive the Plaintiff of the use of the communications in this litigation. *University of Miss. Med. Ctr. v. Sullivan*, No. 3:19-CV-459, 2021 WL 4713242, at *4-*6 (S.D. Miss. Oct. 8, 2021).

Finally, the Court agrees with the Magistrate Judge the Plaintiff has suffered prejudice because it lacks a complete record of communications between the Defendants, who are two

crucial witnesses during a critical period in this litigation. Courts routinely find prejudice when a party is left with an incomplete record and unable to determine what information was lost. *Enable Miss. River Transmission, LLC v. Devon Energy Prod. Co.*, No. V-23-25, 2024 WL 5441184, at *4 (S.D. Tex. Feb. 28, 2024). The Court also finds, in agreement with the Magistrate Judge, the missing communications likely concerned matters directly relevant to the Plaintiff's claims in this litigation – the record demonstrates these two Defendants routinely used text messages to communicate regarding matters involved in this litigation – and it is thus reasonable to infer the missing communications contained relevant evidence. *Trade Grp., Inc. v. BTC Media, LLC*, No. 4:23-cv-00555-P, 2024 WL 3513475, at *3 (N.D. Tex. July 23, 2024).

As for the sanctions recommended by the Magistrate – an adverse inference jury instruction and an award to the Plaintiff for its reasonable attorney's fees and expenses associated with obtaining the forensic examination and litigating the spoliation issue – the Court finds those sanctions are proportionate to the subject misconduct. The Court further agrees the Magistrate Judge was correct in denying the Plaintiff's request to dismiss the Defendants' counterclaims or strike the Defendants' affirmative defenses. Accordingly, the Court shall issue an instruction to the jury at the trial of this matter that it may infer the subject deleted communications between these two Defendants, Galjour and Munn, would have been unfavorable to the Defendants, and the Court shall award the Plaintiff its reasonable attorney's fees and expenses incurred in obtaining the forensic examination and in litigating the spoliation issue.

Taking these standards into account, the Court finds that the Magistrate Judge's Report and Recommendation [120], which recommends granting in part and denying in part the Plaintiff's motion for spoliation sanctions [60], is not clearly erroneous or contrary to law.

4

Accordingly, the Court finds that the Magistrate's Report and Recommendation is not clearly erroneous or contrary to law, and the Magistrate Judge's Report and Recommendation Granting in Part and Denying in Part the Plaintiff's Motion for Spoliation Sanctions is therefore affirmed.  See, e.g., *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-00226-SA-JAD, 2010 WL 3717600, at *1–2 (N.D. Miss. Sept. 14, 2010).

In sum, after careful consideration of the parties' arguments, the Magistrate Judge's Report and Recommendation, and all pertinent legal authorities, the Court finds that the Defendants' objections are without merit and that the Magistrate Judge's Report and Recommendation is supportable by the record and is not clearly erroneous or contrary to law, and the Court therefore adopts it as the Opinion and Order of the Court.

THEREFORE, it is hereby ORDERED that the Defendants' objections [133] are OVERRULED, and the Magistrate Judge's subject Report and Recommendation [120] is APPROVED and ADOPTED as the Opinion and Order of this Court in its entirety.  The Court further finds the Defendants' motion for leave to file a supplemental sur-reply [110] is MOOT.

THIS, the 14th day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE