UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HICKORY SPRINGS MANUFACTURING COMPANY PLAINTIFF

V. CIVIL ACTION NO.: 1:25-CV-23-GHD-DAS

BENJAMIN GALJOUR; et al. DEFENDANTS

---

OPINION

---

Presently before the Court is the Defendants' motion to exclude [114] and motions for summary judgment [116, 118]. Upon due consideration and for the reasons set forth below, the Court finds the motions should be denied.

**Factual and Procedural Background**

The Plaintiff is a manufacturer of foam and other components that are used in furniture and other products [Compl., Doc. 1, at p. 2]. In February of 2018, Defendant Benjamin Galjour and the Plaintiff entered into an Employment Agreement [1-1] whereby Galjour began working for the Plaintiff as the Product Manager - Sleepers [1, at 2-3]. Galjour was employed by the Plaintiff until February 2025 [Galjour Dep., Doc. 129, at p. 20]. Among other provisions, the Employment Agreement required Galjour to "faithfully and diligently perform" his assigned duties [1-1, at 2]. Galjour also agreed that he would not "undertake, advise, or assist" any business activity competitive with the Plaintiff during his employment nor would he use any of the Plaintiff's confidential information "except in the sole interest of [the Plaintiff]." [*Id.* at 2, 4]. The Agreement also contains very specific

non-competition covenants prohibiting Galjour from, *inter alia*, soliciting the Plaintiff's customers or engaging in certain types of competition with the Plaintiff [1-1, at 6].

Galjour further specifically agreed, as part of the Agreement, that his employment would be governed by the Plaintiff's policies and procedures [1-1, at 2]. These policies and procedures included the Plaintiff's Legal Compliance Manual [1-2], which, among other provisions, requires employees to avoid conflicts of interest, prohibits the receipt of payments that may constitute bribes or kickbacks, and proscribes engaging in any outside business activity that may "involve any personal interest that could affect the independence of your judgment as an employee [of the Plaintiff]" [1-2, at 18].

One of the Plaintiff's suppliers was Specialty Bedding, LLC [1, at 5]. Galjour worked directly with Specialty Bedding as part of his employment duties [*Id.*]. The Plaintiff alleges that, beginning in 2021 and without the Plaintiff's knowledge, Galjour began charging Specialty Bedding a monthly 4% "commission" on products Specialty Bedding sold to the Plaintiff [*Id.*]. The Plaintiff further alleges that Galjour personally received these payments through the Defendant Upholstery Innovation, LLC, an entity that is owned and controlled by Galjour [1, at 5]. The Plaintiff avers that these improper payments totaled almost $300,000 [*Id.*]. The Plaintiff also alleges that Galjour, while he was employed with the Plaintiff, assisted in the creation of a business, Defendant SPEC Mattress, LLC ("SPEC"), that wrongfully supplanted Specialty Bedding as a supplier for the Plaintiff and competes with the Plaintiff, in violation of Galjour's Employment Agreement [1, at 6-9].

This litigation followed. In its Complaint, the Plaintiff asserts claims against Galjour for breach of contract, breach of fiduciary duty, unjust enrichment, fraud,

misappropriation of trade secrets, civil conspiracy, and the formation of a constructive trust. The Plaintiff also asserts claims for unjust enrichment against the Defendant Upholstery Innovation, tortious interference with business and contractual relationships against the Defendant SPEC, fraud against Defendants Emily Munn and SPEC, and civil conspiracy against all Defendants.

In the pending motions, the Defendants seek summary judgment as to the Plaintiff's claim for civil conspiracy against Defendant Shiloh Holdings and the Plaintiff's claims for fraud and civil conspiracy against Defendant Munn. The Defendants also seek to exclude or limit the Plaintiff's damages based upon the Plaintiff's alleged failure to comply with Rule 26 during discovery. Based upon that alleged failure, the Defendants seek summary judgment on the Plaintiff's claims for tortious interference, breach of fiduciary duty, fraud, misappropriation of trade secrets, and civil conspiracy. Finally, the Defendants seek to narrow the Plaintiff's breach of contract claim, and the Defendant/Counter-Claimant SPEC seeks summary judgment as to Count One of its counterclaim, which is for "Open Account." The Plaintiff opposes the Defendants' motions.

**Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

### A. Exclusion of Damages Evidence

First, the Defendants assert they are entitled to summary judgment on the Plaintiff's claims for tortious interference, breach of fiduciary duty, fraud, misappropriation of trade secrets, and civil conspiracy due to the Plaintiff's insufficient discovery disclosures with respect to its computation of damages. The Defendants' summary judgment argument as to these claims is twofold. First, they ask the Court to sanction the Plaintiff by excluding its damages evidence as a sanction under Rule 37. Then, assuming the Court rules favorably on that request, the Defendants seek summary judgment on the subject claims because the lack of evidence of the Plaintiff's damages entitles the Defendants to judgment as a matter of law on those claims. The Court finds, however, that the Defendants' argument for exclusion fails, making summary judgment on these claims improper.

First, the Defendants request the Court exclude the Plaintiff's evidence of damages due to the Plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii). That rule provides:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (iii) *a computation of each category of damages claimed by the disclosing party*—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).

Failure to comply with Rule 26's requirements may lead to sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1), which states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or *at a trial*, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added).

The Fifth Circuit has provided four factors that guide a district court's evaluation of whether a violation of Rule 26 is substantially justified/harmless or sanctionable. See, e.g., *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Those factors are: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

Here, despite the Defendants' arguments to the contrary, the Court finds the Fifth Circuit factors overwhelmingly counsel against excluding evidence of the Plaintiff's damages.

First, as the Plaintiff repeatedly explains, the Defendants cannot claim prejudice regarding the Plaintiff's damages calculation because the computation is "derived from documents [the Defendants] have had in their possession the entirety of the litigation" and because the Defendants, after the Plaintiff served subpoenas on third parties to acquire damages information, "tried to quash those subpoenas to stop [the Plaintiff] from getting the information." Second, despite the Defendants' attempt to impose Rule 26's obligations and Rule 37's consequences on the Plaintiff for allegedly falling short of its discovery

obligations, the Defendants overlook the 1993 Advisory Committee Note to Rule 26, which provides as follows:

> Subparagraph (C) imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. This obligation applies only with respect to documents then reasonably available to it and not privileged or protected as work product. *Likewise, a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person.*

Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (emphasis added).

In short, the Advisory Committee Note suggests that failure to provide a complete calculation of damages under these circumstances would not even amount to a Rule 26 violation in the first place. See *id.* Thus, the Plaintiff's omission of a satisfactory damages computation here is not only unproblematic but is *expected* under these circumstances.

For purposes of ruling on this motion, the Court could therefore conclude its analysis here and deny this portion of the Defendants' motion. But for the sake of completeness, the Court will consider the Fifth Circuit's *Texas A&M* factors. Taking the fourth factor first, even assuming that a violation occurred, the Court finds the Plaintiff has provided an adequate explanation for any failure to disclose an adequate damages calculation: neither the Defendants nor the Court can reasonably expect the Plaintiff to provide an accurate and complete calculation of damages that relies on financial information that is in the Defendants' possession, custody, and control, particularly when the Defendants attempted to quash subpoenas that were served to obtain the information from third parties [97]. Thus, the fourth factor counsels against exclusion.

The remaining factors similarly favor denying exclusion of the Plaintiff's damages evidence. As to the importance of the damages evidence, it is clear to the Court that proof

of the Plaintiff's damages is essential to its claims and barring evidence of its damages would essentially preclude any recovery. The Court therefore finds the second *Texas A&M* factor weighs in favor of including the evidence. Third, as discussed above, the Plaintiff's damages calculation that the Plaintiff seeks relies in large part on documents the Defendants possess. Indeed, the Defendants were and are capable—and likely better equipped than the Plaintiff—of calculating the amount of damages attributable to the Defendants' alleged conduct. Consequently, the Court finds the Defendants have not shown any prejudice in allowing the Plaintiff to introduce evidence of its damages at trial. Finally, as to the availability of a continuance, the Court finds that a continuance is unnecessary because there is no prejudice to the Defendants and a continuance would not serve any valid purpose at this juncture.[1]

In addition, having determined that there is no basis to exclude evidence of the Plaintiff's damages under Rule 37, the Court finds that material fact issues on damages exist. Consequently, the Defendants' motion for summary judgment on the Plaintiff's claims for damages shall be denied. See, e.g., *USA Football, Inc. v. FFWCT, LLC*, No. 4:23-CV-465, 2025 WL 1270725, at *3–5 (E.D. Tex. May 1, 2025).

---

1 The Court notes the Defendants have filed a motion in limine [146, 148] seeking exclusion of this evidence largely on these same grounds. For the reasons stated herein, the Court denies the Defendants' motion in limine, including the Defendants' request for the Court to conduct a pretrial proffer regarding the Plaintiff's damages evidence. The Defendants certainly may offer timely objections to any such evidence at trial, and the Court is confident it can protect against the possibility of any objectionable evidence at trial without resorting to a blanket ban on the Plaintiff's evidence. See, e.g., *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 153 (5th Cir. 2017); *Flanks v. City of New Orleans*, No. CV 23-6897, 2025 WL 3773650, at *2 (E.D. La. Dec. 31, 2025); *John C. Nelson Constr., LLC v. Britt, Peters & Assocs., Inc.*, No. 2:18-CV-222-KS-MTP, 2020 WL 5578692, at *2 (S.D. Miss. Sept. 17, 2020); *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019); *United States v. Nguyen*, No. CIV. A. 99-210, 2000 WL 505716, at *2 (E.D. La. Apr. 27, 2000).

Next, the Court finds the Defendants' attempt to limit the Plaintiff's categories of damages is without merit. The Defendants argue the Plaintiff should not be permitted to recover: (i) the "commissions" that Galjour allegedly received while employed by the Plaintiff, (ii) any lost profits that the Plaintiff can demonstrate at trial, or (iii) disgorgement of salary paid to the Plaintiff while he allegedly was disloyal to the Plaintiff. The Court denies the Defendants' request for multiple reasons.

First, as this Court has previously held, "the assessment of damages presents a question of fact to be determined by the jury." *Shilla Indus. Co. v. WareHouse 72, L.L.C.*, No. 3:23-CV-00138-GHD-DAS, 2024 WL 4280944, at *6 (N.D. Miss. Sept. 24, 2024) (quoting *Giles v. State Farm Fire & Cas. Co.*, 2023 WL 5598991, *3 (S.D. Miss. Aug. 29, 2023)). Second, the parties' Agreement permits the Plaintiff to seek monetary damages in the event of a dispute between the parties [1-1, at pp. 7-8]. Clearly, the "commissions" allegedly received by Galjour, as well as the Plaintiff's claim for disgorgement of salary, are recoverable under the theories of recovery the Plaintiff has asserted in this action. *Short v. Columbus Rubber & Gasket Co.*, 535 So. 2d 61, 67 (Miss. 1988) (holding "the general rule is that an employer is not obligated to continue to pay the salary of an employee who has been demonstrated to be dishonest or disloyal."). Likewise with lost profits - while the Plaintiff must obviously establish its losses at trial, fact issues clearly exist in the record that render the Court unable to grant summary judgment on this issue. See, e.g., *B & C Const. & Equip., LLC v. Ovella*, No. 1:12 CV7-HSW-RHW, 2013 WL 3381438, at *9 (S.D. Miss. July 8, 2013) (holding summary judgment inappropriate on lost profits issue because "the issue of whether [the plaintiff] sustained lost profits as a result of [the defendant's] conduct is inextricably intertwined with the breach of contract claims and

cannot be dismissed as a matter of law at this juncture."); *Dewey St. Church of Christ v. Church Mut. Ins. Co.*, No. 2:19CV-12-KS-MTP, 2020 WL 7133003, at *6 (S.D. Miss. Dec. 4, 2020).

Accordingly, the Court finds the Plaintiff has demonstrated the existence of a genuine issue of material fact regarding his damages claims, and those claims shall proceed.

**B. The Plaintiff's Claims Against Shiloh Holdings and Emily Munn**

The Defendants next assert that Count IX of the Complaint, which asserts a claim for civil conspiracy against all Defendants, should be dismissed against Shiloh Holdings. The Defendants argue that the Plaintiff has "no evidence of any agreement, overt act, or damages attributable to Shiloh." The Court disagrees.

Under Mississippi law, the elements of a civil conspiracy are: '(1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result.'" *Rex Distrib. Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 455 (Miss. 2019) (quoting *Bradley v. Kelley Bros. Contractors*, 117 So.3d 331, 339 (Miss. Ct. App. 2013)). Mississippi courts have made clear that, while a civil conspiracy requires an agreement between the co-conspirators and an unlawful overt act and damages must be shown, the overt act need not be taken by each individual co-conspirator so long as each individual has agreed to participate in the conspiracy and an overt act in furtherance of the conspiracy occurred. *Rex Distrib. Co.*, 271 So. 3d at 455.

Here, the Court finds the Plaintiff has shown the existence of a genuine issue of material fact as to Shiloh's participation in the alleged conspiracy to defraud the Plaintiff,

interfere with its business relationships, and violate the Defendant Galjour's employment agreement with the Plaintiff. Galjour is indisputably the sole owner of Shiloh [Galjour Dep., Doc. No. 129, at p. 47]. Shiloh owns the facility where the Defendant SPEC operates and allegedly competes with the Plaintiff, in violation of Galjour's employment agreement [*Id.* at pp. 145-46]. Without Shiloh's agreement to supplant Specialty Bedding at the Tupelo facility, the Plaintiff argues, the conspiracy to have SPEC take over Specialty Bedding's operations, interfere with the Plaintiff's business relationships, and wrongfully compete with the Plaintiff, could not have occurred. Given these facts in the record, the Court finds that the Plaintiff has shown the existence of a genuine issue of material fact regarding this claim, and Shiloh is not entitled to judgment as a matter of law. This portion of the Defendants' motion for summary judgment shall therefore be denied.

Similarly, the Court finds the Plaintiff has shown the existence of a genuine issue of material fact as to its claims against Defendant Emily Munn for fraud and civil conspiracy. As for the fraud claim, under Mississippi law, the elements are "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." *Trim v. Trim*, 33 So. 3d 471, 478 (Miss. 2010) (quoting *McCord v. Healthcare Recoveries, Inc.*, 960 So. 2d 399, 406 (Miss. 2007)). The Defendants argue this claim fails because the Plaintiff cannot show it had a right to rely on Munn's subject representations and it cannot show damages. The Court disagrees.

The Plaintiff has shown, with record evidence, that Munn made several statements the Plaintiff alleges were false, including that she was the sole owner of the Defendant SPEC (twice) and that no employee of SPEC was employed by the Plaintiff. Both were false because Galjour is admittedly the majority owner of SPEC [131, at p. 34]. The Plaintiff has sufficiently further alleged that it relied upon these false statements in accepting SPEC as a vendor, which led to the Plaintiff suffering damages because it paid a 4% surcharge on all its purchases from SPEC. Given these facts, the Court finds that the Plaintiff has shown the existence of a genuine issue of material fact regarding this claim, and Munn is not entitled to judgment as a matter of law. This portion of the Defendants' motion for summary judgment shall therefore be denied.

As for the Plaintiff's claim against Munn for civil conspiracy, the Defendants argue the Plaintiff has not shown evidence of an agreement to defraud the Plaintiff. As noted above, however, the Plaintiff has shown at least the existence of a genuine issue of material fact as to whether Munn fraudulently told the Plaintiff she was the sole owner of SPEC. During that conversation, Munn admittedly was exchanging text messages with Galjour regarding her response, and Galjour told Munn to state she was the sole owner [Munn Dep., Doc. 132, at p. 120; Doc. 129, at p. 237-38]. Munn admits that this statement "would be a lie." [132, at p. 122]. Further, the Plaintiff has shown with record evidence that in August 2024, while Galjour was still employed by the Plaintiff, Munn and Galjour began discussing establishing a new business that would compete with the Plaintiff [132, at pp. 43-44]. Together, these facts combine to establish the existence of a genuine issue of material fact as to whether Munn is liable to the Plaintiff for civil conspiracy, and the Defendants' motion to dismiss this claim shall be denied.

### C. Limiting Count One and Damages

The Defendants argue that Count One of the Complaint, which asserts a breach of contract claim against Galjour, should be limited and, *inter alia*, not incorporate terms contained in documents other than the parties' Employment Agreement, such as the Plaintiff's Legal Compliance Manual, Supplier Code of Conduct, and Employee Handbook. The Court finds the Defendants' arguments are without merit.

First, the Court finds that the plain and unambiguous language of the parties' Agreement prohibit the alleged actions taken by Galjour. Clearly, undertaking activity competitive with one's employer, implementing or accepting "commission" payments from a supplier without the employer's knowledge, or using confidential employer information to the employer's detriment, can constitute activity that is not "faithfully and diligently" performing one's employment duties [1-1, at p. 2]. Further, the Agreement expressly barred Galjour's ownership in any entity that competes with the Plaintiff [1-1, at pp. 5-6].

In addition, the Agreement does not restrict the Plaintiff from seeking legal and equitable remedies, including monetary damages [1-1, at p. 8]. As for the noncompete and nonsolicitation provisions in the Agreement, the record evidence is clear that many of SPEC's customers are currently, or were previously, customers of the Plaintiff, and Galjour admits that SPEC, which Galjour at least partially owns, is a competitor of the Plaintiff [129, at pp. 46-47]. Further, as the Court has already noted, the parties' Agreement clearly incorporates the Plaintiff's policies and procedures, such as the Legal Compliance Manual, Supplier Code of Conduct, and Employee Handbook. Specifically, the Agreement clearly states "the terms and conditions of [Galjour's] employment shall be governed by [the

Plaintiff's] policies and procedures." [1-1, at 2.] The Court finds that this provision clearly incorporates these policies and procedures. *Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 913 (5th Cir. 2013); *Galey v. World Mktg. Alliance*, 510 F.3d 529, 532 (5th Cir. 2007); *Robinson v. Bd. of Trs. E. Cent. Jr. Coll.*, 477 So. 2d 1352, 1353 (Miss. 1985). Finally, the Defendants argue the Agreement solely applied to Galjour's position with the Plaintiff as a "Product Manager – Sleepers." The Court finds this argument entirely without merit. The Agreement clearly and plainly states that, in addition to "faithfully and diligently performing" his duties as Product Manager – Sleepers, Galjour also agreed to faithfully and diligently perform "any other duties and/or positions to which [he] may subsequently be assigned by [the Plaintiff]." [1-1, at p. 2].

Accordingly, the Defendants' arguments regarding limiting Count One of the Complaint and regarding damages are without merit, and the portion of their motion seeking summary judgment on this basis shall be denied.

### D. Count One of SPEC's Counterclaim

The Defendant SPEC Mattress has asserted a four-count counterclaim against the Plaintiff [27, at p. 14]. It moves for summary judgment as to Count One of its counterclaim, which is for "Open Account." SPEC asserts that it delivered $297,066.16 of products to the Plaintiff between January and February of 2025 [27, at p. 15; 27-1]. SPEC alleges that the Plaintiff has not rendered payment for the products [27, at p. 16]. It brings this count of its counterclaim pursuant to Section 11-53-81 of the Mississippi Code. The Plaintiff opposes the motion and asserts that questions of material fact exist regarding the Plaintiff's payment obligations because the subject open account may not exist and SPEC's allegedly fraudulent misrepresentations may render any payment obligation voidable.

The Court agrees with the Plaintiff that summary judgment on this claim is improper for two reasons. First, for a seller to prevail on an open account claim, the involved parties must have reached "a final and certain agreement on price." *Mauldin Co. v. Lee Tractor Co. of Miss., Inc.*, 920 So. 2d 513, 516 (Miss. Ct. App. 2006); *McLain v. W. Side Bone and Jt. Ctr.*, 656 So. 2d 119, 124 (Miss. 1995) (holding "[a]n account is not an 'open account' within the meaning of the statute absent a final and certain agreement on price."). Here, the Court finds, at minimum, a genuine issue of material fact exists as to whether the parties reached a final and certain agreement on the price of the subject goods. Moreover, Mississippi courts have held that a defendant's denial of the existence of an account is sufficient to put into issue the defendant's liability regarding the account. See, e.g., *Walker v. Cleveland Lumber Co., Inc.*, 512 So. 2d 695, 696 (Miss. 1987) (holding summary judgment inappropriate when defendant denied existence of account). In the case *sub judice*, there is no evidence in the record showing the parties reached a final and certain agreement on price nor is there record evidence of any agreement extending credit on agreed terms. These grounds alone are sufficient to deny SPEC's motion for summary judgment on this claim.

In addition, the Court finds that genuine issues of material fact exist as to this claim given the Plaintiff's assertion of a pending fraud claim against SPEC, which could render voidable any payment obligation on the Plaintiff's part. *Allen v. Mac Tools, Inc.*, 671 So. 2d 636, 646-47 (Miss. 1996). In other words, if a jury finds in favor of the Plaintiff on its fraud claim against SPEC, any payment obligation on the part of the Plaintiff with respect to this claim could potentially be rendered voidable. Therefore, given the pendency of the Plaintiff's fraud claim, summary judgment as to SPEC's open account claim is

inappropriate at this juncture and its motion for summary judgment as to this claim shall be denied.

**Conclusion**

For all of the foregoing reasons, the Court finds the Defendants' motion to exclude, motions for summary judgment, and motion in limine should be denied. The Court finds genuine issues of material fact exist with respect to the Plaintiff's claims, and the Defendants are not, at this juncture, entitled to judgment as a matter of law. The Plaintiff's claims shall proceed.

An order in accordance with this opinion shall issue this day.

This, the 24th day of August, 2026.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE