**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**HICKORY SPRINGS MANUFACTURING COMPANY** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 1:25-CV-23-GHD-DAS**

**BENJAMIN GALJOUR, *et al.*** **DEFENDANTS**

# ORDER

At the final pretrial conference held on August 27, 2026, the parties raised several issues, some of which were ruled upon at the conference and some of which were taken under advisement.

Defendants objected to the use of Plaintiff's "Vendor Addition Form Email Chain and Completed Vendor Form" as an exhibit, arguing, *inter alia*, that it was produced after the close of discovery. While the undersigned reserved for the district judge all evidentiary-based arguments, the discovery-related objections were overruled. Defendant Munn admitted in her deposition that she submitted *a* vendor addition form. Defendants produced a blank form. Plaintiff produced a completed form. Whether the completed form is the one actually submitted by Munn is an issue for the crucible of cross examination, assuming it passes evidentiary muster.

Defendants objected to the use of "Mattress Label" as an exhibit at trial. While Defendants argue the label was not produced in discovery, it was used as an exhibit at Defendant Galjour's deposition. Again, while reserving any evidentiary ruling, the discovery-related objection was overruled. Since the label was used as an exhibit at the deposition, it was "produced."

Defendants objected to the use of Peak Living, Inc. and RW Collective subpoena response production as exhibits since those subpoena responses were received and produced after the close of discovery. The undersigned sustained those objections.

Defendants objected to the use of Overnight Sofa Invoice Spreadsheet as an exhibit, arguing it was not produced during discovery. The court overruled that objection since the spreadsheet is merely a summary of information that was produced during discovery.

Defendants objected to the use of a Hickory Springs "email regarding Stone and Leigh" that produced after the close of discovery. The undersigned overruled that objection because the particular email was sent in July 2026, concerning activity in July 2026, and was produced almost immediately. Again, hearsay and other evidentiary objections are reserved for the district judge.

Defendants also objected to Plaintiff's use of a "chart showing [Hickory Springs]'s sales to Overnight Sofa and other customers over times," arguing, *inter alia*, that it was never produced or disclosed in discovery. Plaintiff noted that this particular chart would "be used in opening statements or closing arguments, but [would] not be offered in evidence." Thus, the chart is simply a pedagogical aid Plaintiff wishes to present or show to the jury, not one it wishes to have admitted as an exhibit or taken to the jury room. *See United States v. Buck*, 324 F.3d 786, 791 (5th Cir. 2003). After hearing argument from both sides during the pretrial conference, the undersigned will leave any decision as to the chart to the district judge.

Finally, Defendants objected to Jeff Gilliam offering testimony regarding damages as an undisclosed expert. Whether Gilliam is an expert and whether any such expert testimony is admissible is reserved for the district judge. Plaintiff concedes he was not disclosed as an expert. Rather, Plaintiff argues he is a fact witness with knowledge of the company's finances. He was

questioned regarding damages and losses at his deposition. Thus, the court cannot say at this juncture that his expected testimony was undisclosed. Whether it passes evidentiary muster is of course reserved for the district judge.

As an additional matter, on January 16, 2026, the undersigned compelled a forensic examination and ordered Plaintiff's counsel to submit a bill of fees and costs [61]. Defendants objected to the order and contested Plaintiff's bill of costs. The district judge overruled the objections [74]. The bill of costs and fees is now ripe for review. Federal Rule of Civil Procedure (a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court finds none of the exceptions applicable. Thus, the question becomes what fees and expenses were "incurred in making the motion." Plaintiff seeks $14,076.00. After considering the submissions provided, the Court finds them responsive to its January 16 order and reasonable. The Court therefore orders Defendants, jointly and severally, to pay Plaintiff $14,076.00.

Following the forensic examination, the undersigned recommended that an adverse inference instruction be given to the jury regarding spoliation and that Plaintiff be awarded its reasonable attorney's fees and expenses associated with obtaining the forensic examination and litigating the spoliation issue [120]. Defendants objected to the report and recommendation. Those objections were overruled [140]. It is therefore ordered that, within seven days of this order, Plaintiff's counsel shall submit a detailed bill of fees and costs associated with obtaining the forensic examination and in litigating the spoliation issue. Defendants shall have seven days thereafter to contest the reasonableness of the claimed fees and costs.

**SO ORDERED**, this the 3rd day of September, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**